LEMMON, Judge.
This is an appeal by the mother of two minor children from a judgment reducing the child support obligation of her former husband. The issue is whether a reduction may properly be based on the fact that the father remarried after the divorce and now has a second wife and a child born of premarital union with his second wife to support, although he was living with and apparently supporting the second wife and their child at the time of the previous setting of the support obligation.
The parties were divorced in May, 1977 by a default judgment which was silent as *655 to alimony, but which fixed child support at $75.00 per week, the same figure at which the combined alimony pendente lite and child support obligation had been set in a March, 1976 consent judgment.
At the April, 1978 trial of the rule to reduce, the father’s gross earnings were $1,035.00 per month (net stated at $700.00, but no showing of deductions), which was only slightly higher than at the time of the judgment of divorce. The mother’s gross earnings were $475.00 per month (net, $383.00).
Although the father may have been supporting his second wife at the time of his divorce, he was under no legal obligation to do so. By contracting the second marriage, he incurred the legal obligation to support the second wife, and this obligation constitutes a change in circumstances entitling Mm to a refixing of the support obligation in accordance with the totality of circumstances existing in April, 1978.
The obvious limiting consideration is the amount of the father’s income. The reduction of the support obligation for two children of a previous marriage from $75.00 to $47.50 per week for a father with this income, who is also obliged to support a second wife and another child, is not an abuse of discretion.

AFFIRMED.

GULOTTA, J., concurs in result.